[Cite as *State ex rel. Ware v. DeWine*, 2019-Ohio-5203.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Kimani Ware, | : | |
| Relator, | : | |
| | : | No. 19AP-161 |
| v. | : | (REGULAR CALENDAR) |
| Mike DeWine, Governor, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 17, 2019

**On brief:** *Kimani Ware*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Heather L. Buchanan*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Kimani Ware, filed this original action requesting a writ of mandamus ordering respondent, Mike DeWine, Governor of the State of Ohio, to respond to a public records request.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.[1] The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's motion for summary judgment, grant respondent's motion for summary judgment, and deny the requested writ. More particularly, the magistrate determined that because there was no genuine issue of material fact whether respondent

---

[1] On May 3, 2019, the magistrate issued an order denying relator's April 30, 2019 motion for judicial notice and converting respondent's April 19, 2019 motion to dismiss into a motion for summary judgment.

had either failed to fulfill relator's public records request or failed to do so promptly, relator was not entitled to statutory damages under R.C. 149.43(C)(1), as a matter of law. Relator timely filed objections to the magistrate's decision, with leave of court, on August 21, 2019.

{¶ 3} In his first objection, relator contends that the magistrate erred by failing to consider argument contained in his affidavit submitted June 14, 2019. The magistrate concluded: "[R]elator's affidavit submitted on June 14, 2019 is composed entirely of legal arguments and conclusory statements of law, it has no more value as an affidavit than as a memorandum of law and any deficiencies in attestation are irrelevant. The magistrate takes relator's June 14, 2019 filing under consideration solely as non-evidentiary material in the form of argument." (Mag.'s Decision at ¶ 36.)

{¶ 4} Based on our review of relator's June 6, 2019 affidavit, docketed by this court on June 14, 2019, we agree with the magistrate's characterization of the averments in the affidavit, as well as the magistrate's treatment of the non-evidentiary material contained therein. Contrary to relator's assertion, the magistrate fully considered the legal arguments contained in his affidavit. Accordingly, we overrule relator's first objection.

{¶ 5} In his second objection, relator argues the magistrate erred by concluding relator was not entitled to statutory damages due to respondent's undue delay in responding to his public records request. The magistrate considered relator's arguments and evidence in support of his claim that respondent failed to comply with the public records law and concluded that there was no genuine issue of material fact whether respondent had either failed to fulfill the public records request or failed to do so promptly. Accordingly, the magistrate determined relator was not entitled to statutory damages under R.C. 149.43(C)(1), as a matter of law. We agree with the magistrate, and for the reasons set forth in the magistrate's decision, we overrule relator's second objection.

{¶ 6} In his third objection, relator claims that the magistrate erred in concluding that there was no genuine issue of material fact, given the alleged conflict between the averments in his affidavit and the affidavit of respondent's counsel. The magistrate considered this issue and reached the following conclusion:

> The magistrate concludes that there remains no genuine issue
> of material fact on the question of whether the governor's
> office responded to relator's public records request through

the initial March 19, 2019 mailing, and consideration of the later mailing is unnecessary. R.C. 149.43(B)(1) provides that public records shall be "made available." Given relator's institutional status, mailing to the institutional authorities fulfilled respondent's obligation in this respect. *There is, therefore, in this case no need to resolve the evidentiary conflict between relator's affidavit stating that he never received the first mailing of records personally, and the affidavit of Assistant Chief Counsel McCullough stating that the records were duly mailed for receipt on March 19, 2019, as corroborated by receipt by the appropriate institutional custodian.* The governor's office could do nothing more to make the records "available" to relator, and no writ issued by this court could compel the governor's office to do more than was done with respect to the March 19, 2019 mailing

(Emphasis added.) (Mag.'s Decision at ¶ 44.)

{¶ 7} Even though relator's affidavit contains the factual averment that he did not receive any documents from respondent on March 19, 2019, we agree with the magistrate's conclusion that relator's assertion does not give rise to a material factual issue as to respondent's compliance with the public records law, given the undisputed averment in the affidavit of a prison employee that the institution received legal mail from respondent, addressed to relator, on March 19, 2019. Accordingly, we agree with the magistrate that this court did not need to resolve the conflicting averments in the affidavits of relator and McCullough in order to determine, as a matter of law, that respondent fully complied with his statutory duty in respect to the public records request.

{¶ 8} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we find the magistrate properly determined the facts and applied the appropriate law. Accordingly, we overrule the objections and adopt the magistrate's findings of fact and conclusions of law. In accordance with the magistrate's decision, we deny relator's motion for summary judgment, grant respondent's motion for summary judgment, and deny the requested writ of mandamus.

*Relator's motion for summary judgment denied;*
*respondent's motion for summary judgment granted;*
*objections overruled, writ of mandamus denied.*

DORRIAN and NELSON, JJ., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel. Kimani Ware,        :

       Relator,                                        :

                              No. 19AP-161

v.                                                        :

                       (REGULAR CALENDAR)

Mike DeWine, Governor,                    :

       Respondent.                               :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 19, 2019

---

*Kimani Ware,* pro se.

*Dave Yost,* Attorney General, and *Heather L. Buchanan,* for respondent.

---

## IN MANDAMUS
## ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 9} Relator, Kimani Ware, filed this original action requesting a writ of mandamus ordering respondent, Mike DeWine, Governor of the State of Ohio, to respond to a public records request. The matter is presently before the magistrate on the parties' cross-motions for summary judgment.

Findings of Fact:

{¶ 10} 1. Relator is an inmate at Trumbull Correctional Institution.

{¶ 11} 2. Relator filed his complaint in mandamus on March 19, 2019.

{¶ 12} 3. The complaint alleges that relator, on January 3, 2019, mailed via certified mail a public records request to the governor's office requesting the following public records, numbered 0 through 6: (0) a copy of the governor's oath of office; (1) a copy of the governor's office records retention schedule; (2) a copy of the governor's office public

records policy; (3) a copy of the governor's office records management manual; (4) a copy of the index of county commissioners recorded in the governor's office; (5) a copy of the index of appointment records for each person appointed to public office by the governor, including persons appointed, office to which each was appointed, the date of appointment, and the beginning and expiration of each term; and (6) a copy of the governor's office current employee roster.

{¶ 13} 4. The complaint is accompanied by relator's affidavit and exhibits, also filed on March 19, 2019.

{¶ 14} 5. Relator's affidavit filed with the complaint is dated March 8, 2019, and states that as of that date relator had not received the requested records.

{¶ 15} 6. Exhibit A filed with relator's March 8, 2019 affidavit is a copy of relator's public records request.

{¶ 16} 7. Exhibit B filed with relator's March 8, 2019 affidavit is a certified mail receipt indicating that the governor's office took delivery of the certified mailing on January 24, 2019.

{¶ 17} 8. The complaint further alleges that relator received on February 6, 2019 an acknowledgment from the governor's office dated January 28, 2019 stating that the office would review his request and respond within a reasonable amount of time.

{¶ 18} 9. The complaint further alleges that relator followed up on February 20, 2019 with a letter inquiring about the status of his request, having received no further response as of that date.

{¶ 19} 10. Respondent filed a motion to dismiss relator's mandamus complaint for failure to state a claim on the basis of mootness on April 19, 2019, asserting that his office had fully responded to relator's public records request.

{¶ 20} 11. Relator filed a motion for summary judgment on April 23, 2019, relying on his March 8, 2019 affidavit to establish that respondent had failed to promptly respond to relator's public records request.

{¶ 21} 12. Respondent filed on April 26, 2019 a motion to stay briefing in the case until resolution of respondent's motion to dismiss. The magistrate granted the motion by order on the same date.

{¶ 22} 13.  Relator filed his response to respondent's motion to dismiss on April 30, 2019.

{¶ 23} 14.  Respondent filed a reply in further support of his motion to dismiss on May 2, 2019.

{¶ 24} 15.  On May 3, 2019, the magistrate issued an order denying respondent's motion to dismiss for failure to state a claim, and converting respondent's motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B) and 56(C).

{¶ 25} 16.  Relator filed his memorandum in opposition to respondent's motion for summary judgment on May 22, 2019.  Attached is an affidavit of relator dated May 15, 2019, averring that as of that date relator had yet to receive the requested records.

{¶ 26} 17.  Respondent filed a combined reply in support of respondent's motion for summary judgment and a memorandum contra relator's motion for summary judgment on May 31, 2019.

{¶ 27} 18.  Respondent's May 31, 2019 filing presents the May 29, 2019 affidavit of Sean McCullough, assistant chief counsel for relator.  The affidavit states that McCullough's duties include supervision and legal assessment for the office's response to public records requests, and that on March 13, 2019, McCullough responded to relator's public records request with copies of the requested documents.  Appended to the affidavit are copies of the documents furnished in that response: a cover letter dated March 13, 2019, stating that enclosed were "records responsive to" relator's request (McCullough March 13, 2019 letter); respondent's oath of office, taken January 14, 2019; a copy of the office's records retention schedule; a copy of the office's public records policy; a copy of a list containing a single named appointee to a board or commission; and a copy of the governor's office staff contact list.  Neither the cover letter nor the attached documentation clarifies the status of relator's request number 3, respondent's records management manual, or request number 4, the list of county commissioners.

{¶ 28} 19.  Respondent's May 31, 2019 filing also presents the affidavit of Julie Loomis, warden's assistant at Trumbull Correctional Institution, which states that the institution received legal mail from Governor DeWine on March 19, 2019 addressed to relator, and that relator signed for the mail on the same day.

{¶ 29} 20. McCullough's May 29, 2019 affidavit further states that on May 28, 2019, he duplicated his response by again sending by certified mail to relator a copy of the requested records.

{¶ 30} 21. Relator filed a reply on June 14, 2019 submitting an additional affidavit in support of his summary judgment motion. The version of this affidavit that appears in the clerk's electronic filing system is unsigned, undated, and unattested. In it, relator concedes for the first time receipt of the documents described by McCullough's affidavit, but only by means of McCullough's May 28, 2019 mailing. Relator again denies any earlier receipt of the records. Relator's filing notes the lack of responsive documents or explanation regarding his request number 3, respondent's records management manual, and request number 4, the index of county commissioners. Relator also asserts that the response to request number 5, the list of appointees, is incomplete because it contains only one name.

{¶ 31} 22. Respondent filed a motion for leave to file a sur-reply and additional exhibits instanter on June 20, 2019. The magistrate granted the motion by order entered June 25, 2019, also giving relator leave to file an additional response no later than July 5, 2019.

{¶ 32} 23. Respondent's June 20, 2019 sur-reply first asserts that relator's June 14, 2019 filing is formally deficient and ineffective as an affidavit. The sur-reply also attaches another affidavit by McCullough, dated June 20, 2019. This affidavit states that respondent did not provide a record in response to request number 3, respondent's records management manual, because the office does not maintain such a record. The affidavit likewise states that no response to request number 4, the index of county commissioners, could be provided because the office does not maintain such a record. McCullough finally attests that the response to request number 5, the list of appointees, is complete because it contains the sole existing appointee at the time of response.

{¶ 33} 24. Relator filed his final pleading in support of and in opposition to summary judgment on July 8, 2019. This pleading is out of rule, being due no later than July 5, 2019. The magistrate nonetheless will deem it timely and take it under consideration in the interest of reaching the merits of the matter as fully as possible.

**{¶ 34}** 25. Relator's July 8, 2019 filing contains a further affidavit, dated June 27, 2019, stating that relator's affidavit submitted with his June 14, 2019 filing was in fact a two-sided document, and the clerk of this court failed to scan the back side containing an attestation and signature.

**{¶ 35}** 26. The magistrate's inquiry with the clerk of court confirms that the back page of relator's June 14, 2019 affidavit submission was inadvertently left unscanned, and contains the requisite signature and notary stamp dated June 6, 2019.

**{¶ 36}** 27. Nonetheless, because relator's affidavit submitted on June 14, 2019 is composed entirely of legal arguments and conclusory statements of law, it has no more value as an affidavit than as a memorandum of law and any deficiencies in attestation are irrelevant. The magistrate takes relator's June 14, 2019 filing under consideration solely as non-evidentiary material in the form of argument.

Discussion and Conclusions of Law:

**{¶ 37}** The three issues in the matter, as it now stands on cross-motions for summary judgment, are whether respondent provided a response to the public records request, whether that response was timely, and whether it was complete.

**{¶ 38}** The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) the relator must establish a clear legal right to the relief prayed for; (2) the respondent must have a clear legal duty to perform the act requested; and (3) the relator must lack a plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

**{¶ 39}** A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing that (1) there is no genuine issue as to any material facts; (2) the party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 40} The purpose of the Ohio Public Records Act "is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy." *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264 (1997), citing *State ex rel. WHIO-TV-7 v. Lowe*, 77 Ohio St.3d 350, 355 (1997). Scrutiny of public records allows citizens to evaluate the rationale behind government decisions so government officials can be held accountable. *White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 420 (1996).

{¶ 41} The appropriate remedy to compel compliance with Ohio's Public Records Act is mandamus. R.C. 149.43(C)(1); *State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903. R.C. 149.43 must also be construed liberally in favor of broad access, and any doubt must be resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374 (1996).

{¶ 42} Provision of the requested records to a relator in a public records mandamus case renders most aspects of a related mandamus claim moot. *State ex rel. Cranford v. Cleveland,* 103 Ohio St.3d 196, 2004-Ohio-4884, ¶ 23. However, R.C. 149.43(C)(1) provides for an award of statutory damages for undue delay even if the records sought have eventually been provided, and this component of a mandamus action is not rendered moot simply because a respondent has provided relator with the documents requested. *State ex rel. McCray v. Ohio Dept. of Commerce,* 10th Dist. No. 11AP-1055, 2012-Ohio-2997.

{¶ 43} In summary, relator submitted his public records request to respondent by certified mail, as required by R.C. 149.43(C)(2), on January 23, 2019. Respondent's office took delivery of the request on January 24, 2019, as evidence by the certified mail receipt found in the record. Respondent's office acknowledged receipt of relator's public records request by letter dated January 28, 2019, signed by Sean McCullough, relator's assistant chief counsel. The affidavit of Assistant Chief Counsel McCullough states the public records request was fulfilled in a mailing to relator's address of record on March 19, 2019. The affidavit of a prison employee establishes receipt of legal mail from respondent, addressed to relator, on that date. In connection with the present mandamus action, Assistant Chief Counsel McCullough repeated fulfillment of the public records request by again mailing the

requested records on May 28, 2019, and relator's last filing concedes at least that relator received this mailing.

{¶ 44} The magistrate concludes that there remains no genuine issue of material fact on the question of whether the governor's office responded to relator's public records request through the initial March 19, 2019 mailing, and consideration of the later mailing is unnecessary. R.C. 149.43(B)(1) provides that public records shall be "made available." Given relator's institutional status, mailing to the institutional authorities fulfilled respondent's obligation in this respect. There is, therefore, in this case no need to resolve the evidentiary conflict between relator's affidavit stating that he never received the first mailing of records personally, and the affidavit of Assistant Chief Counsel McCullough stating that the records were duly mailed for receipt on March 19, 2019, as corroborated by receipt by the appropriate institutional custodian. The governor's office could do nothing more to make the records "available" to relator, and no writ issued by this court could compel the governor's office to do more than was done with respect to the March 19, 2019 mailing.

{¶ 45} With respect to the timeliness of that response, "[t]he determination of whether the governor complied with his statutory duty to timely provide copies of the requested records depends upon all of the pertinent facts and circumstances." *State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, ¶ 10, citing *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.,* 97 Ohio St.3d 58, 2002-Ohio-5311, ¶ 37-38. Public offices must "promptly" prepare and transmit public records within a reasonable period of time. R.C. 149.43(B)(1). The word "promptly" is not defined in R.C. 149.43 or any other applicable statute. It must, therefore, be given its usual, normal, or customary meaning. *State ex rel. Wadd v. Cleveland*, 81 Ohio St.3d 50, 53 (1998). Under the circumstances here, the time taken between January 28 and March 19, 2019 to review, respond, and fulfill the request for records was made "within a reasonable period of time." *See generally*, *Morgan,* at ¶ 10.

{¶ 46} The magistrate further concludes that there remains no genuine issue of material fact regarding the completeness of the response, despite respondent's concession that no records were provided in response to relator's request number 3, respondent's records management manual, or request number 4, the list of county commissioners.

{¶ 47} With respect to request number 3, Assistant Chief Counsel McCullough's affidavit states that the governor's office does not maintain a records management manual. With respect to request number 4, relator correctly points out that the governor's office is required by law to maintain a record for the list of county commissioners under R.C. 107.10(C). Assistant Chief Counsel McCullough's affidavit, however, attests that the governor's office has no such record.

{¶ 48} The Supreme Court of Ohio has held that a public official is not required to create or provide access to a record or document that never existed. *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, at ¶ 15. Here, respondent may have a legal duty to maintain the requested record listing county commissioners, but having failed to do so, respondent has no duty to produce it in response to a public records request because the Public Records Act concerns existing records, not records that ought to exist. An action to compel the governor to comply with R.C. 107.10 may lie in some form, but that action does not fit under R.C. 149.43.

{¶ 49} Based on the foregoing, it is the magistrate's decision that relator has not established that a genuine issue of material fact remains on the questions of whether respondent failed to fulfill the public records request, or done so promptly. As a result, relator can show no entitlement to statutory damages under R.C. 149.43(C)(1). It is the magistrate's decision that this court should grant summary judgment in favor of respondent, deny summary judgment in favor of relator, and deny the requested writ.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).