[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. DeWine*, Slip Opinion No. 2020-Ohio-5148.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5148

THE STATE EX REL. WARE, APPELLANT, *v*. DEWINE, GOVERNOR, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. DeWine*, Slip Opinion No. 2020-Ohio-5148.]

*Mandamus—Public records—When an affidavit contains legal arguments and conclusions, a court will disregard those statements—The fact that a record is mentioned in a records-retention schedule does not create a question of fact as to whether the public office actually maintains that record— Governor's office satisfied duty to make records available by sending them, by certified mail, to the prison where relator is incarcerated.*

(No. 2020-0168—Submitted August 18, 2020—Decided November 5, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 19AP-161, 2019-Ohio-5203.

_____

**Per Curiam.**

{¶ 1} Appellant, Kimani Ware, appeals the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus against appellee, Governor Mike DeWine. We affirm the Tenth District's judgment.

## I. Background

### A. Pleadings and motions in the court of appeals

{¶ 2} Ware is an inmate at the Trumbull Correctional Institution ("TCI"). On January 3, 2019, he sent a public-records request to the governor by certified mail. Ware requested copies of the governor's office's (1) records-retention schedule, (2) public-records policy, (3) records-management manual, (4) index of county commissioners, (5) index of appointment records for persons appointed to public office by the governor, and (6) current employee roster.

{¶ 3} By a letter dated January 28, 2019, the governor's office acknowledged receipt of the request and promised a response within a reasonable period of time. Ware sent a follow-up inquiry on February 20 and alleges that he received no response. Therefore, on March 19, he filed an original action against the governor in the court of appeals, seeking a writ of mandamus to compel the production of the documents as well as an award of statutory damages.

{¶ 4} The governor filed a motion to dismiss the complaint on the ground of mootness. He attached to the motion an affidavit from Sean T. McCullough, assistant chief counsel to the governor, attesting that McCullough sent responsive documents to Ware on March 13. Copies of McCullough's cover letter and the records provided to Ware were attached as exhibits to the motion.

{¶ 5} Ware filed a motion for summary judgment, but the Tenth District magistrate stayed consideration of that motion pending a ruling on the governor's motion to dismiss. In his memorandum opposing the motion to dismiss, Ware argued that a writ should issue because even though the governor claimed to have sent the records on March 13, the complaint made clear that as of March 19, Ware

2

had not received them. Ware's memorandum was silent as to whether he received the records *after* the complaint was filed.

{¶ 6} On May 3, 2019, the magistrate converted the governor's motion to dismiss into a motion for summary judgment. Ware filed a memorandum in opposition to the governor's summary-judgment motion on May 22. In an attached affidavit, Ware attested, "[T]o this day I still have not receive[d] the requested public records."

{¶ 7} On May 31, the governor filed a combined reply brief in support of his own summary-judgment motion and memorandum in opposition to Ware's (previously stayed) motion for summary judgment. The governor submitted a second affidavit from McCullough, again asserting that responsive documents were sent to Ware in March 2019, before Ware filed his complaint. In addition, the affidavit stated that because Ware claimed not to have received the first mailing, McCullough had re-sent the documents to him on May 28.

{¶ 8} In addition, the governor submitted an affidavit from Julie Loomis, the warden's assistant at TCI. According to Loomis, all incoming mail from state chief executives addressed to inmates is processed as "legal mail" and recorded on the "Legal Mail Log." And the Legal Mail Log, which was also submitted as an exhibit, shows that on March 19, 2019, TCI received legal mail addressed to Ware from the office of the governor.

{¶ 9} On June 14, 2019, Ware filed a document captioned "Affidavit in support of the attached evidence pursuant to Local Rule 13(G)" (the "June 14 affidavit"). The June 14 affidavit asserted that the production of records in May was incomplete: according to Ware, he received no documents responsive to request Nos. 3 (the records-management manual) or 4 (the index of county commissioners) and an incomplete response to request No. 5 (the index of appointment records).

{¶ 10} In response, the governor filed a surreply brief, along with a third affidavit from McCullough. McCullough stated that the governor's office does not have a records-management manual or an index of commissioners and that it provided all the pages of the "index of appointments" that were in its possession at the time of the request.

### B. *The magistrate's decision and the court of appeals' judgment*

{¶ 11} On July 19, 2019, the magistrate issued a decision recommending that the court deny Ware's motion for summary judgment, grant the governor's motion for summary judgment, and deny the writ of mandamus. In rendering his decision, the magistrate made clear that he would consider Ware's June 14 affidavit for only a limited purpose. According to the magistrate, the June 14 affidavit was "composed entirely of legal arguments and conclusory statements of law" and would therefore be considered "solely as non-evidentiary material in the form of argument." 2019-Ohio-5203, ¶ 36.

{¶ 12} The magistrate rejected Ware's claim that the governor's responses were incomplete. With respect to request Nos. 3 and 4, the magistrate credited McCullough's affidavit testimony that the governor's office does not maintain a records-management manual or a list of county commissioners. Ware argued that R.C. 107.10(C) *requires* the governor's office to keep a record of commissioners and of information concerning their appointments and that the existence of the statute created a material question of fact concerning whether the governor's office in fact had the records. The magistrate rejected that argument: "Here, respondent may have a legal duty to maintain the requested record listing county commissioners, but having failed to do so, respondent has no duty to produce it in response to a public-records request because the Public Records Act concerns existing records, not records that ought to exist." 2019-Ohio-5203 at ¶ 48. The magistrate did not make a separate finding concerning request No. 5—the list of appointees—but he appears to have accepted McCullough's representation that the

governor's office provided everything it had, even though the provided list included only one name.

{¶ 13} As for Ware's claim that he never received the March mailing, the magistrate concluded that this assertion did not create a dispute of material fact. According to the magistrate, McCullough's affidavit and exhibits established that the governor's office sent responsive records in March, and Loomis's affidavit and exhibits established that a package of mail sent from the governor's office to Ware was received at TCI around the same time. According to the magistrate, the governor satisfied his obligation by mailing the records to the institution where Ware is held, and having done so, "[t]he governor's office could do nothing more to make the records 'available' to relator, and no writ issued by this court could compel the governor's office to do more than was done with respect to the March 19, 2019 mailing." *Id*. at ¶ 44. Finally, the magistrate concluded that the time taken to respond to the public-records request—from January 28 to March 19—was reasonable, and he therefore declined to recommend an award of statutory damages.

{¶ 14} Ware filed objections to the magistrate's decision. He identified three alleged errors: (1) the magistrate should have considered the June 14 affidavit as evidence, (2) the magistrate erroneously concluded that the governor's office sent documents in March 2019, and (3) the evidence contradicted the magistrate's finding that the governor's office does not keep a list of county commissioners.

{¶ 15} On December 17, 2019, the court of appeals overruled Ware's objections, adopted the magistrate's findings of fact and conclusions of law, and denied the writ of mandamus. 2019-Ohio-5203 at ¶ 8. Ware appealed.

## II. Legal analysis

{¶ 16} To be entitled to a writ of mandamus, a relator seeking to compel compliance with the Public Records Act, R.C. 149.43, must establish, by clear and convincing evidence, a clear legal right to the requested relief and a clear legal duty on the part of the respondent to provide it. *State ex rel. Cincinnati Enquirer v. Pike*

*Cty. Gen. Health Dist.*, 154 Ohio St.3d 297, 2018-Ohio-3721, 114 N.E.3d 152, ¶ 12.

{¶ 17} This court reviews a decision granting summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Id.*, quoting Civ.R. 56(C).

{¶ 18} Ware presents three propositions of law.

{¶ 19} In his first proposition of law, he asserts that the court of appeals erred when it refused to consider his June 14 affidavit as substantive evidence. The court of appeals agreed with the magistrate that the June 14 affidavit contained only nonevidentiary material. 2019-Ohio-5203 at ¶ 4. In his merit brief, Ware does not challenge this characterization of his affidavit or suggest that his affidavit contained proper evidentiary statements. Instead, his sole argument is that the affidavit must be considered as evidence because it was confirmed under oath before a person authorized to administer oaths. But merely executing an affidavit under oath does not make the content of an affidavit proper or admissible. To the contrary, when an affidavit contains legal arguments and conclusions, a court will disregard those statements. *See State ex rel. Columbia Res., Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 23.

{¶ 20} Moreover, even if the June 14 affidavit contained factual averments that should have been considered, Ware does not identify what those statements were or how they might be relevant. In other words, he has not shown that he was prejudiced by the exclusion of his affidavit. *See*, *e.g.*, *Logansport Savs. Bank, F.S.B. v. Shope*, 10th Dist. Franklin No. 15AP-148, 2016-Ohio-278, ¶ 28 (an appellant challenging a decision to admit or exclude evidence, including affidavit testimony, must show material prejudice).

{¶ 21} In his second proposition of law, Ware notes that along with the June 14 affidavit, he filed a copy of the governor's office's records-retention schedule. One item on the schedule reads, "Record of Commissioners (R.C. 107.10(C))." The description of that item in the schedule, "name, post office address, the state, territory or county where the appointee resides, date of commission, and the beginning and expiration of term of each commissioner appointed," tracks the language of R.C. 107.10(C). In other words, the governor's own records-retention schedule addresses how to keep the index of commissioners. Ware argues that it was error to disregard the schedule attached to the June 14 affidavit, because it proves that the governor's office *does* keep the record of commissioners.

{¶ 22} In his merit brief, the governor contends that Ware waived this argument by failing to raise it in his objections to the magistrate's decision. But Ware did preserve this argument in his objections, although he did not present it under a separate heading.

{¶ 23} However, Ware's argument is meritless. The court of appeals did not exclude the schedule as evidence when it adopted the magistrate's decision to disregard the affidavit. Indeed, the schedule was already in the record, as an exhibit to McCullough's first affidavit. The fact that the record of commissioners was mentioned in the retention schedule does not create a question of fact as to whether the office actually maintained those records. We reject Ware's second proposition of law.

{¶ 24} In his third proposition of law, Ware contends that the court of appeals erred by denying his request for statutory damages. Ware's request meets the threshold requirement for statutory damages because he served his request by certified mail. *See* R.C. 149.43(C)(2). A person requesting public records "shall" be entitled to an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." R.C. 149.43(C)(2). One

obligation imposed by R.C. 149.43(B) is to prepare responsive records and make them available for inspection "promptly." *See*, *e.g.*, *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 22 (awarding statutory damages because the respondent took an unreasonable length of time to produce the records).

{¶ 25} Ware does not argue that a response from the governor in March would have been untimely; he asserts only that he did not receive any documents until May. But the evidence shows that the governor's office satisfied its duty to make the records available by sending them, by certified mail, to TCI in March. What happened to the documents after that was beyond the governor's control. Ware has therefore identified no basis for an award of statutory damages.

{¶ 26} For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Kimani Ware, pro se.

Dave Yost, Attorney General, and Halli Brownfield Watson and Mark W. Altier, Assistant Attorneys General, for appellee.

_____