[Cite as *State ex rel. Anderson v. Warrensville Hts.*, 2024-Ohio-1882.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. BRIAN
ANDERSON,

   Relator,

             No. 113601

   v.

CITY OF WARRENSVILLE HEIGHTS,
ET AL.,

   Respondent.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 10, 2024

---

Writ of Mandamus
Motion No. 573139
Order No. 574304

---

### *Appearances:*

Brian Anderson, *pro se.*

Marlene J. Ridenour, Chief Prosecutor for the City of
Warrensville Heights, *for respondent.*

MARY J. BOYLE, J.:

{¶ 1} Relator, Brian Anderson ("Anderson"), seeks a writ of mandamus directing respondent, the city of Warrensville Heights ("the city"), to release public records pertaining to records requests Anderson made. For the reasons below,

Anderson's request for writ of mandamus is denied as moot and his claim for statutory damages is also denied.

**I. Procedural and Factual History**

{¶ 2} On January 29, 2024, Anderson filed a complaint for writ of mandamus. There, he alleged that on January 17, 2024, he made a verbal public records request to the receptionist at the Warrensville Heights City Hall. The request was for dates of employment of a former Warrensville Heights police officer, Richard T. Anderson, Jr. That same day, Anderson alleged that the city's Director of Human Resources, Laura Cline ("Cline"), contacted him and denied his records request for the stated reason that records requests must be in writing. The next day, Anderson alleged that he faxed and emailed written records requests for the same information. This records request does not appear to have been supplied to this court by Anderson. According to the complaint, Cline contacted Anderson again and stated that records requests must be in writing.

{¶ 3} Anderson alleged that on January 22, 2024, he hand-delivered a completed public records request form to the receptionist at the Warrensville Heights City Hall. This appears to be the records request that was attached to Anderson's complaint. Anderson used the city's own public records request form, which stated that a written request for records was not mandatory. This form included Anderson's typed and written records requests as follows:

1st request January 17th 2024 *verbal*

2nd request January18th 2024 *fax and email*

Public records request for dates of employment for Richard T Anderson Jr. d.o.b. ████

Employed during 1980's as a patrolman

Include all public records regarding dates of employment, per Ohio Sunshine Act

*3rd request written in person January 22nd*

{¶ 4} On February 2, 2024, this court issued an order staying the matter and directing the parties to participate in this court's mediation program. On February 15, 2024, this court directed Anderson to submit a status update within ten days of the date of the order that identified what records requests had been satisfied, what records had been produced, and what, if any, issues remained for briefing and disposition. Anderson failed to comply with this order. On February 28, 2024, this court again directed Anderson to file a status update within seven days of that date and warned that if he did not do so, the action would be dismissed for failure to prosecute. Anderson filed a status update on March 6, 2024, stating that his records request had been satisfied by the city and the issue of statutory damages remained for disposition.

{¶ 5} Therefore, on March 8, 2024, this court directed the city to file an answer and/or dispositive motion together with any evidence on which the city intended to rely on or before March 22, 2024. The order also allowed Anderson to file a dispositive motion and any evidence by the same date. The city only filed an answer. Anderson timely filed a motion for summary judgment. There, he claimed that he was entitled to $900 in statutory damages. The city failed to timely file any opposition to Anderson's motion for summary judgment.

## II. Law and Analysis

{¶ 6} Ohio's Public Records Act, codified in R.C. 149.43, provides for broad access to governmental records with only limited exceptions. A writ of mandamus is one of the appropriate means to vindicate the people's right to access public records in Ohio. *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, 47 N.E.3d 124, ¶ 19, quoting *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. To prevail, a relator must demonstrate "a clear legal right to the records and a corresponding clear legal duty on the part of the public officer to provide them." *State ex rel. Bey v. Byrd*, 167 Ohio St.3d 358, 2022-Ohio-476, 192 N.E.3d 466, ¶ 9, citing *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St. 3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10.

{¶ 7} The case is before this court on Anderson's motion for summary judgment. "'Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.""" *State ex rel. Ware v. Giavasis*, 160 Ohio St.3d 383, 2020-Ohio-3700, 157 N.E.3d 710, ¶ 5, quoting *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C).

{¶ 8} However, even on summary judgment, it is the relator's burden to establish entitlement to relief in mandamus — including the award of statutory damages under R.C. 149.43(C) — by clear and convincing evidence. *Fitzgerald* at

¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16.

## A. Mootness

{¶ 9} In his status update filed March 6, 2024, Anderson acknowledged that the records he requested have been produced by the city. This renders his request for writ of mandamus moot. *State ex rel. Ware v. Parikh*, 172 Ohio St.3d 49, 2023-Ohio-2536, 221 N.E.3d 835, ¶ 11, citing *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. However, even where a claim for mandamus in a public records action has been rendered moot, the relator may still be entitled to the forms of relief available under the Public Records Act including statutory damages, attorney fees, and costs — when applicable. R.C. 149.43(C)(2)-(4). Anderson claims he is entitled to statutory damages.

## B. Statutory Damages

{¶ 10} R.C. 149.43(C)(2) allows the award of statutory damages to a relator who transmits a written records request by one of the qualifying methods of delivery listed in the statute. The relator in a mandamus action is entitled to statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." Anderson claims that the city violated a duty under the Public Records Act by demanding that his request be made in writing.

{¶ 11} It is clear from the statutory text that the Public Records Act does not require a written request. R.C. 149.43(B)(1) provides: "Upon *request* by any person

and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to the requester at all reasonable times during regular business hours." (Emphasis added.) The Act then goes on to allow a records custodian to request a written request:

> A public office or person responsible for public records may ask a requester to make the request in writing * * * but may do so only after *disclosing to the requester that a written request is not mandatory* * * * and when a written request * * * would benefit the requester by enhancing the ability of the public office or person responsible for public records to identify, locate, or deliver the public records sought by the requester.

(Emphasis added.) R.C. 149.43(B)(5).

{¶ 12} The city may not require that records requests be made in writing because the Public Records Act does not require a written records request.[1] Therefore, under the Act, the city has a duty to accept and respond to verbal records requests pursuant R.C. 149.43(B)(1). Anderson's complaint and motion for summary judgment claimed that he was told numerous times by at least one representative of the city that his request must be in writing. Rejecting a verbal records request and stating that a written records request is required is a violation of that obligation.

---

[1] The Ohio Attorney General's Office provides resources that may be useful to the employees of the city of Warrensville Heights for dealing with records requested under Ohio's Public Records Act. https://www.ohioattorneygeneral.gov/Legal/Sunshine-Laws (accessed Mar. 27, 2024). Available resources include training videos, live training sessions, and a Sunshine Law Manual.

{¶ 13} However, that does not end the analysis of whether statutory damages are available in this instance. An award of statutory damages is only available for a *written* public records request. R.C. 149.43(C)(2).

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

R.C. 149.43(C)(2). Without a written request, Anderson would not be entitled to statutory damages.

{¶ 14} If Anderson had filed this mandamus action after his initial verbal records request was rejected, he would have been entitled to a writ of mandamus directing the city to respond to his request, but he would have been ineligible for statutory damages. Instead, Anderson filed written requests for the same records, which have now been satisfied, rendering his request for writ of mandamus moot. Anderson is not entitled to statutory damages for his initial request because it was not made in writing. R.C. 149.43(C)(2). Therefore, the court will examine Anderson's written hand-delivered and emailed requests to determine whether an award of statutory damages is appropriate.

{¶ 15} The Public Records Act provides that the amount of statutory damages "shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to

comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action * * *." R.C. 149.43(C)(2). For the written requests transmitted through email or delivered in person, Anderson has not shown that the city failed to comply with its obligation to produce records within a reasonable period of time under R.C. 149.43(B)(1).

{¶ 16} This subsection provides in part that "a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." A "reasonable period of time" is undefined in the statute but "'depends upon all the pertinent facts and circumstances'" in each case. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 20, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 23. Further, the statute "envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). A period in which to review and redact records of employment involved in the present case is especially important because employment records of a police officer, who are statutory defined as designated public service workers pursuant to R.C. 149.43(A)(7), often contain information that is not subject to disclosure as a public record according to R.C. 149.43(A)(1)(p).

{¶ 17} Anderson acknowledged receiving all the records he sought on February 9, 2024. Anderson received the responsive records 22 days (16 business days) after his January 18, 2024 email request and 18 days (14 business days) after his January 22, 2024 hand-delivered request.[2] This is a reasonable amount of time to respond to Anderson's broad request for any and all records regarding dates of employment of a city employee where the period of the request spanned the entirety of the 1980s. *See State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171 (a response time of 24 days for police reports for specific crimes over a two-week period was considered reasonable); *State ex rel. Ware v. DeWine*, 163 Ohio St.3d 332, 2020-Ohio-5148, 170 N.E.3d 763 (a response time of 36 business days was found to be reasonable); and *Easton Telecom Servs., L.L.C. v. Woodmere*, 8th Dist. Cuyahoga No. 107861, 2019-Ohio-3282 (a two-month period to respond to a records request was reasonable based on the broad and extensive nature of the records request).

{¶ 18} Based on these cases and the facts presented by Anderson, we find that it was not unreasonable for respondent to produce records within 16 business days where respondent had to search through a decade's worth of at least thirty-five-year-old employment records to find, review, and potentially redact those records responsive to Anderson's broad request.

---

[2] This was also 23 days (17 business days) from his non-written public records request on January 17, 2024.

{¶ 19} Anderson's request for writ of mandamus is moot, and Anderson is not entitled to an award of statutory damages under the Act.

## C. Defective Complaint

{¶ 20} We also note that Anderson's complaint fails to comply with Civ.R. 10(A). This rule requires the names and addresses of the parties to be included in the caption of the complaint. This rule is applicable to original actions. *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, 90 N.E.3d 901, ¶ 8.

> Civ.R. 10(A) requires a complaint to have certain information including the full names of every party to the action and addresses where the complaint may be served. This requirement exists, in part, so that a clerk of courts has clear direction to whom and where service of process must be directed to ensure parties to the action are properly notified of the existence of the case. *See* Civ.R. 4(A). This is necessary so a court can properly exercise personal jurisdiction over the parties.

*In re Writ of Mandamus (Turner)*, 8th Dist. Cuyahoga No. 112758, 2023-Ohio-2158, ¶ 5. The failure to comply with Civ.R. 10(A) is grounds for dismissal. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 11.

{¶ 21} Here, because the complaint does not have any addresses for the parties for service, the clerk is required to guess the addresses of the parties. This is another basis for the denial of the requested relief. *Id*.

## III. Conclusion

{¶ 22} Anderson's request for writ of mandamus is denied as moot because he received the requested records. Anderson's further request for statutory damages is denied. Costs assessed against relator; costs waived. The clerk is directed to serve

on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 23} Writ denied.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR