OPINION *Page 2 
{¶ 1} Appellant Ann Tate appeals from her conviction, in the Fairfield County Court of Common Pleas, on one count of felony drug possession. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 31, 2006, Deputy Kelly Roberts from the Fairfield County Sheriff's Office went to a residence located at 2008 Montezuma Lane in Bremen, Ohio, to seize property pursuant to a writ of execution. Based on the discovery of drugs at the residence, the deputy obtained assistance from officers in the Fairfield-Hocking Major Crimes Unit ("MCU").
 {¶ 3} As officers approached the scene, appellant, an alleged clerical employee of the owner of the residence, was observed standing with her hands in her pockets. Appellant told the officers she was holding a camcorder, and she attempted to explain that she had been filming contraband found on the side of the road. Appellant was nonetheless arrested at the scene when illegal drugs were found in her pockets.
 {¶ 4} Appellant was indicted on June 9, 2006 on one fount of felony drug possession, R.C. 2925.11(C)(1)(a). At her arraignment, appellant entered a plea of not guilty. Appellant thereafter filed a motion to compel discovery, and, in the alternative, to dismiss the charges, which led to an evidentiary hearing on October 20, 2006 and November 27, 2006. On July 5, 2007, the trial court issued a judgment entry overruling the motion to compel and overruling the motion to dismiss.[1] *Page 3 
 {¶ 5} On August 16, 2007, appellant appeared with counsel, withdrew her plea of not guilty, and entered a plea of no contest. On August 24, 2007, appellant was sentenced to a prison term of six months, suspended, three years of community control, a fine of $150.00, and a six-month suspension of her driving privileges.
 {¶ 6} On September 21, 2007, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY OVERRULING HER MOTION TO COMPEL DISCOVERY AND ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO PRESERVE MATERIAL EXCULPATORY EVIDENCE."
 I. {¶ 8} In her sole Assignment of Error, appellant contends the trial court erred and violated her constitutional rights in overruling her motion to compel discovery and motion, in the alternative, to dismiss for failure to preserve the video camera evidence. We disagree.
 {¶ 9} In Arizona v. Youngblood (1988), 488 U.S. 51, 109 S.Ct. 333,102 L.Ed.2d 281, the United States Supreme Court addressed the issue of whether a criminal defendant is denied due process of law by the State's failure to preserve evidence: "The Due Process Clause of the Fourteenth Amendment * * * makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no *Page 4 
more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant. * * * ." Id.
at 57-58, 109 S.Ct. 333, 102 L.Ed.2d 281.
 {¶ 10} Thus, the Youngblood Court established two tests: one that applies when the evidence is "materially exculpatory" and one that applies when the evidence is "potentially useful." If the State fails to preserve evidence that is materially exculpatory, the defendant's rights have been violated. If, on the other hand, the State fails to preserve evidence that is potentially useful, the defendant's rights have been violated only upon a showing of bad faith. State v. Scurlock, Licking App. No. 05-CA-116, 2006-Ohio-4445, ¶ 29 — ¶ 30.
 {¶ 11} However, we have consistently held that the burden of proof is on the defendant to show the exculpatory nature of destroyed evidence. See, e.g., State v. Birkhold, Licking App. No. 01CA104, 2002-Ohio-2464;State v. Hill (March 8, 1999), Stark App. No. 1998CA00083,1999 WL 174921. In the case sub judice, one of the responding officers, Deputy Marty Norris, testified that he briefly saw a camcorder on appellant's person, but also observed appellant apparently attempting to hide something in her pockets. During the ensuing take-down of appellant, the camcorder came out of appellant's pocket and hit the ground. Detective Tim Norris arrived shortly thereafter and saw a camcorder in the garage, which he concluded was inoperable. Whether the camcorder was properly functioning or not, the officers never viewed the video recording, nor was the camcorder held as evidence following appellant's arrest. Indeed, no witnesses, including appellant, actually viewed whatever was recorded on the day in question. *Page 5 
 {¶ 12} To be materially exculpatory, evidence must at least" * * * possess an exculpatory value that was apparent before the evidence was destroyed * * *." See State v. Colby, Portage App. No. 2002-P-0061,2004-Ohio-343, ¶ 11, quoting California v. Trombetta (1984),467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413. Upon review of the record in the case sub judice, we find appellant failed to meet her burden to show the alleged video recording was materially exculpatory. As such, appellant must challenge the evidence as "potentially useful."Youngblood, supra.
 {¶ 13} The State's failure to preserve "potentially useful" evidence violates a defendant's due process rights only when the police or prosecution act in bad faith. State v. Lewis (1990), 70 Ohio App.3d 624,634, 591 N.E.2d 854. The term "bad faith" generally implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." Hoskins v.Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315
(citation omitted).
 {¶ 14} In the case sub judice, appellant recalled that the camcorder "went flying" when the arresting officers took her into custody. Tr. at 48. The officers testified that appellant would not pull her hands from her pockets, leading to a brief physical struggle. Tr. at 137. Detective Tim Norris testified that he could not get the camcorder to play back at the scene, and he assumed it was inoperable at the time. Tr. at 114-116. Deputy Marty Norris made a similar assumption. Tr. at 139. Deputy Carl Lape, who handled the seizure of evidence, testified that no camcorder was brought to him as a result of the events of May 31, 2006. Tr. at 175-180. The trial court found that no *Page 6 
attempt was made by the officers to seize the camcorder at the scene, following the initial examination of the device. Judgment Entry, July 5, 2007, at 2-3. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 15} Upon review of the record, we are unpersuaded that this case involved a bad faith loss or destruction of evidence "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." Youngblood, supra. We therefore hold the trial court did not err in denying appellant's pretrial motion to compel and motion to dismiss the charges against her.
 {¶ 16} Appellant's sole Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Although the State has not raised the issue in its response brief, we note that "[w]hen a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment, which is not permitted under the Ohio Rules of Criminal Procedure." State v. Robinson, Athens App. No. 01CA51, 2002-Ohio-6150, 2002 WL 31521501, at ¶ 22, citing State v.Tipton (1999), 135 Ohio App.3d 227, 733 N.E.2d 634. But see Crim. R. 12(c). *Page 1