[Cite as *State ex rel. Ware v. Stone*, 2023-Ohio-3865.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL., KIMANI E. WARE #A470743, | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| KYLE L. STONE, | : | Case No. 2023CA00066 |
| | : | |
| Respondent | : | O P I N I O N |

**NUNC PRO TUNC**

CHARACTER OF PROCEEDING:          Writ of Mandamus

JUDGMENT:          Denied

DATE OF JUDGMENT:          October 25, 2023

APPEARANCES:

For Relator

KIMAINI E. WARE, Pro Se
Richland Correctional Institution
Inmate No. A470-743
1001 Olivesburg Rd
Mansfield, Ohio 44905

For Respondent

KYLE L. STONE
Stark County Prosecuting Attorney
GERARD T. YOST
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, Ohio 44702

*Baldwin, J.*

{¶1}   On July 3, 2023, Relator Kimani Ware filed a Verified Complaint for a Writ of Mandamus Pursuant to Section 149.43(C)(1)(b) of the Ohio Revised Code against Respondent Kyle L. Stone, the Stark County Prosecutor. Ware asks us to compel the prosecutor to provide documents in response to a public-records request. We grant Prosecutor Stone's Cross-Motion for Summary Judgment and deny Ware's Motion for Summary Judgment and his request for statutory damages and court costs.  Ware's writ is denied. Prosecutor Stone's Motion for Sanctions under Civ.R. 11 and R.C. 2323.51 will be scheduled for a hearing.

## I. Background

{¶2}   Ware alleges he served a public-records request on the Stark County Prosecutor's Office, by certified mail, on April 11, 2022. Ware allegedly requested copies of the prosecutor's roster listing of current employees and the annual budget reports from January 2019 through January 2022. When Ware did not receive a response from the prosecutor's office he filed this action. Ware requests that we issue a writ of mandamus ordering Prosecutor Stone to respond to his public-records request and award him court costs under R.C. 149.43(C)(1) and statutory damages under R.C. 149.43(C)(2).

{¶3}   Prosecutor Stone filed an Answer on July 24, 2023 denying the allegations contained in Ware's Verified Complaint. On July 28, 2023, the Court granted an alternative writ and issued a briefing schedule. Ware filed a Motion for Summary Judgment on August 14, 2023. Prosecutor Stone filed a Reply to Relator's Motion for Summary Judgment and Motion for Summary Judgment with Memorandum in Support Along with Motion for Sanctions on August 22, 2023.

**II.      Analysis**

*A. Mandamus elements and summary judgment standard*

**{¶4}**   Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1). *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 9. The Ohio Supreme Court construes the Public Records Act " 'liberally in favor of broad access' " to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

**{¶5}**   Under R.C. 149.43(C)(1)(b), a mandamus action is the remedy for a person denied access to a public record. "To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondents to provide that relief." *State ex rel. Penland v. Ohio Dept. of Rehab. and Correction*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9, citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22-24.

**{¶6}**   Further, we are deciding this matter on summary judgment. A court may grant summary judgment under Civ.R. 56 if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). The record

on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶7}** The moving party bears the initial responsibility of identifying the basis for the motion and those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 116, 526 N.E.2d 798 (1988).

*B. Public-records request*

**{¶8}** Ware is presently incarcerated at the Richland Correctional Institution. He alleges on April 6, 2022, he made a public-records request by certified mail to the Stark County Prosecutor's Office. Ware claims the Stark County Prosecutor's Office did not respond to his public-records request even though a printout from the USPS confirmed his request was delivered to the Stark County Prosecutor's Office on April 11, 2022, at 10:52 a.m.

**{¶9}** Ware asserts Prosecutor Stone had a clear legal duty, under R.C. 149.43(B)(1), to provide copies of the requested public records and he failed to do so. Ware requests this Court grant him mandamus relief and order Prosecutor Stone to produce the requested records and award him courts costs.

**{¶10}** In his Answer, Prosecutor Stone admitted he received a certified mail envelope from Ware but the envelope did not contain a public-records request. The prosecutor's office has a history handling similar requests from Ware.

**{¶11}** Most recently, in *State ex rel. Ware v. Stone*, 5th Dist. Stark No. 2021CA00042, 2022-Ohio-1151, we addressed a similar complaint where Ware alleged the Stark County Prosecutor's Office failed to respond to a public-records request. In that case, the prosecutor's office established the public-records request allegedly sent to its office by certified mail could not have been sent as presented due to the procedures for inmate mail at the Trumbull Correctional Institution. *Id.* at ¶ 29. Because Ware promptly received the records he requested upon the filing of his mandamus action, we dismissed his Complaint as moot. *Id.* at ¶ 24. We also denied his request for statutory damages and court costs. *Id.* at ¶ 45, 52.

**{¶12}** Following Ware's 2021 case, and due to numerous similar cases filed by Ware in other counties including Summit, Portage and Cuyahoga,[1] the Stark County Prosecutor's Office instituted a policy for monitoring and documenting any inmate mail received from Ware. In an email dated February 15, 2022, and directed to all support staff who work at the front desk at the prosecutor's office, staff was instructed any mail received from Kimani Ware should not be opened. Instead, Assistant Prosecutors David Deibel and Shari Nichols are to be contacted. Exh. A; Exh. D, Affid. Aaron J. Violand, ¶ 4, attached to Respondent's Reply and Cross-Motion for Summary Judgment.

---

[1] *See* Exh. E, Affid. Marrett Hanna; Exh. F, Affid. Christopher Meduri; Exh. G, Affid. Kelli Perk.

**{¶13}** On April 11, 2022, the prosecutor's office received certified mail from Ware with USPS tracking number 700125510000303219431. Exh. D, Affid. Aaron J. Violand, ¶ 5, attached to Respondent's Reply and Cross-Motion for Summary Judgment. Under the prosecutor's policy, Assistant Prosecutor Deibel took the sealed envelope to Assistant Prosecuting Attorney Violand's office for opening. *Id.* at ¶ 5. The sealed envelope contained Ware's name on the outside of it in the return address block. *Id.* Violand witnessed Deibel open the envelope and they photographed the contents of it, which contained a filing by the Stark County Prosecutor time stamped July 9, 2021. *Id.*; Exh. B, attached to Respondent's Reply and Cross-Motion for Summary Judgment.

**{¶14}** Approximately 15 months later, Ware filed this mandamus action and produced a public records request that he claims he sent to the Stark County Prosecutor's Office in April 2022, with the same tracking number noted above. Exh. D, Affid. Aaron J. Violand, ¶ 8, attached to Respondent's Reply and Cross-Motion for Summary Judgment. The prosecutor's office never received Ware's public-records request until the filing of this mandamus action. *Id.*, ¶ 9.

**{¶15}** Once Prosecutor Stone received Ware's public-records request on July 10, 2023,[2] which was attached to the Verified Complaint, the prosecutor's office sent the requested records to Ware, by certified mail, on July 13, 2023. Exh. C, attached to Respondent's Reply and Cross-Motion for Summary Judgment. The Trumbull

---

[2] The Stark County Clerk of Court's docket indicates the Stark County Prosecutor was served with a copy of Ware's Verified Complaint on July 10, 2023. The Court is permitted to take judicial notice of its own docket. *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994).

Correctional Institution received the certified letter containing the requested records on July 21, 2023. *Id.*

**{¶16}** However, Ware maintains the Stark County Prosecutor's Office used a delay tactic by purposely and knowingly mailing the records to the Trumbull Correctional Institution rather than the Richland Correctional Institution, where he is currently incarcerated. Affid. Kimani E. Ware, ¶ 11. We do not find this to be a delay tactic by the prosecutor's office. Ware's letter requesting public records, dated April 6, 2022, and attached to Ware's affidavit as Exhibit A indicates his address is "Trumbull Corr. Inst. 5701 Burnett Road, Leavittsburg, Ohio, 44430[.]" *See* Exh. A, attached to Affid. Kimani E. Ware. The prosecutor's office merely sent the records to the address Ware indicated on his alleged public-records request.

**{¶17}** Further, Ware admits in his affidavit that on August 2, 2023, he received the public records he requested from the Stark County Prosecutor's Office. Affid. Kimani E. Ware, ¶ 10. However, the date on the certified mail receipt indicates the requested records were delivered to the Trumbull Correctional Institution on July 21, 2023. Any delay in delivery to Ware, at the Richland Correctional Institution, is due to his failure to update his address in this matter.

**{¶18}** Because Ware received the records that he requested we find his mandamus complaint is moot. *See McDougald*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, at ¶ 10. *See also State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("In general, the provision of requested records to a relator in a public-records mandamus case renders the mandamus claim moot.")

*C. Statutory damages*

**{¶19}** However, a relator may receive an award of statutory damages even if he or she does not prevail on the mandamus claim where the respondent took an unreasonable length of time to produce the records. *McDouglad* at ¶ 13. *See also State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 22. A requester qualifies for statutory damages, under the version of R.C. 149.43 in effect at the time the request is made only when he or she "transmits a written request [for the public records] by hand delivery, electronic submission, or certified mail * * * to the public office or person responsible for the requested public records[.]" R.C. 149.43(C)(2).

**{¶20}** A person who requests public records is entitled to an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." *Id.* "Statutory damages shall be awarded 'when a court determines that the public office failed to comply with an obligation to provide access to the records.' " *McDougald* at ¶ 13, quoting *State ex rel. Rogers v. Dept. of Rehab & Correction*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 23.

**{¶21}** Based on the evidence reviewed above, we conclude Ware never transmitted his public-records request "to the public office or person responsible for the requested public records" by hand delivery, electronic submission or certified mail as required by R.C. 149.43(C)(2). The envelope delivered to the prosecutor's office on April 11, 2022, did not contain a public-records request. Instead, on July 10, 2023, Ware served the prosecutor's office by certified mail with a Verified Complaint for Writ of Mandamus

Pursuant to Section 149.43(C)(1)(b) of Ohio Revised Code. The public-records request was attached to his Verified Complaint as Exhibit A.

**{¶22}** R.C. 149.43(C)(2) does not indicate public-record requests may be made by serving them as part of a mandamus action – even if the mandamus action is served on the public office or person responsible for the public records by certified mail. Having failed to comply with the mandates of R.C. 149.43(C)(2), we conclude Ware is not entitled to statutory damages. *See, e.g. McDougald*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, at ¶ 18 ("Because the prison's kite system more closely resembles an insufficient form of delivery – i.e., regular U.S. mail delivery – we hold that delivery of a public-records request through a prison's kite system does not qualify a requester for an award of statutory damages under R.C. 149.43(C)(2)").

**{¶23}** Further, R.C. 149.43(B) requires the production of all responsive records "within a reasonable period of time." Statutory damages may be awarded if the public record is not promptly provided. *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 23. R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials." *Kesterson*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, at ¶ 16, citing *State ex rel. The Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994).

**{¶24}** Here, Ware confirmed in his affidavit he received the requested records from the Stark County Prosecutor's Office. Affid. Kimani E. Ware, ¶ 10. The certified mail receipt indicates the public records arrived at Trumbull Rehabilitation Institution on July 21, 2023, only 11 days after Ware served his request via the mandamus complaint. Any

delay caused by Ware's failure to update his address from that listed on his written public-records-request letter will not be imputed to the prosecutor's office.

**{¶25}** In concluding Ware is not entitled to statutory damages, we find the Ohio Supreme Court's decision in *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, 160 N.E.3d 709, ¶ 8, to be persuasive authority. In *Stuart*, the Court declined to award statutory damages where it took 31 days to produce an 18-page document with substantial redaction. *Id.* The Court explained, "Stuart has suggested no reason why the amount of time that it took for Greene to prepare the record was unreasonable nor has he suggested what a more reasonable response time might have been." *Id.* The Court declined to award statutory damages. *See also State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171 (response time of 31 business days found to be reasonable); *State ex rel. Ware v. DeWine*, 163 Ohio St.3d 332, 2020-Ohio-5148, 170 N.E.3d 763 (response time of 36 business days found to be reasonable.)

**{¶26}** Based on the above caselaw, we conclude the 11-day delay, after the prosecutor's office was served with a copy of the public-records request as an attachment to Ware's mandamus complaint, is reasonable. Further, as in *Stuart*, Ware neither suggested why the length of time it took the prosecutor's office to prepare the records is unreasonable nor indicated what a more reasonable time period would have been.

**{¶27}** For these reasons, we find Ware is not entitled to statutory damages under R.C. 149.43(C)(2).

*D. Court costs*

**{¶28}** Although we are not granting a writ of mandamus ordering the prosecutor's office to produce records, court costs may still be awarded under R.C. 149.43(C)(3)(a)(ii),

which states: "If the court makes a determination described in division (C)(3)(b)(iii) of this section, the court shall determine and award to the relator all court costs, which shall be construed as remedial and not punitive."

**{¶29}** R.C. 149.43(C)(3)(b)(iii) provides:

The public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. No discovery may be conducted on the issue of the alleged bad faith of the public office or person responsible for the public records. This division shall not be construed as creating a presumption that the public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order described in this division.

**{¶30}** Ware moved for summary judgment on the court costs issue and seeks court costs in the amount of $85.00. R.C. 149.43(C)(3)(b)(iii) does not create a presumption the person responsible for retrieving the public records acted in bad faith when he or she makes the records available to the requester for the first time after the requester files a petition for a writ of mandamus but before a court issues a writ. *McDougald*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, at ¶ 25. " 'The term

"bad faith" generally implies something more than bad judgment or negligence.' " *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 81, quoting *State v. Tate*, 5th Dist. Fairfield No. 07 CA 55, 2008-Ohio-3759, ¶13. The term "bad faith" encompasses "a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." (Citations omitted.) *Tate* at ¶ 13.

{¶31} Ware has not alleged any facts suggesting the prosecutor's office acted in bad faith in handling his public-records request. He cannot even establish that he sent a public-records request to the prosecutor's office on April 8, 2022. Rather, Assistant Prosecutor Violand swore in an affidavit the envelope they opened from Ware on April 12, 2022, contained a filing by the Stark County Prosecutor time-stamped July 9, 2021. Exh. D, Affid. Aaron J. Violand, ¶ 5, attached to Respondent's Reply to Motion for Summary Judgment and Cross-Motion for Summary Judgment. This is not a situation where the prosecutor's office received the records-request and ignored it. Once the prosecutor's office became aware of the request, after receiving it as an exhibit to Ware's mandamus complaint, the prosecutor responded by producing the requested documents within 11 days.

{¶32} Ware produced no evidence that Prosecutor Stone acted in bad faith and failed to respond to his public-records request. Therefore, we deny Ware's request for court costs under R.C. 149.43(C)(1).

*E. Motion for sanctions*

{¶33} The prosecutor included in his reply to Relator's Motion for Summary Judgment and Cross-Motion for Summary Judgment a Motion for Sanctions under Civ.R.

11 and R.C. 2323.51. A separate Judgment Entry will issue simultaneously with the filing of this opinion scheduling a hearing to address the prosecutor's motion.

### III. CONCLUSION

{¶34} For the foregoing reasons, we deny Ware's writ of mandamus as moot. We also deny his Motion for Summary Judgment and grant Prosecutor Stone's Motion for Summary Judgment. We deny Ware's request for statutory damages and court costs. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶35} RELATOR'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

{¶36} RESPONDENT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.

{¶37} RELATOR'S VERIFIED COMPLAINT FOR A WRIT OF MANDAMUS IS DENIED AS MOOT.

{¶38} IT IS SO ORDERED.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.