**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Stone,* Slip Opinion No. 2024-Ohio-2746.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2746

THE STATE EX REL. WARE, APPELLANT, *v*. STONE, PROS. ATTY., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Stone,* Slip Opinion No. 2024-Ohio-2746.]**

*Mandamus—Public-records requests—R.C. 149.43—Generally, in an original action seeking an extraordinary writ, the court may issue an alternative writ and a scheduling order that control for the action and supersede conflicting rules of civil procedure—Because the prosecutor produced all the records responsive to the public-records request, the request for a writ of mandamus was moot—Court of appeals properly declined to award statutory damages and court costs—Court of appeals' judgment affirmed.*

(No. 2023-1343—Submitted May 7, 2024—Decided July 23, 2024.)

APPEAL from the Court of Appeals for Stark County,

No. 2023CA00066, 2023-Ohio-3865.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER,

DeWine, Donnelly, Stewart, Brunner, and Deters, JJ.

**Per Curiam.**

{¶ 1} Appellant, Kimani E. Ware, filed a complaint for a writ of mandamus in the Fifth District Court of Appeals, seeking a writ ordering appellee, Stark County Prosecuting Attorney Kyle Stone ("the prosecutor" or "the prosecutor's office"), to produce records in response to a public-records request. Ware also requested awards of statutory damages and court costs. The court of appeals granted the prosecutor's motion for summary judgment, denied the writ as moot, and denied Ware's request for awards of statutory damages and court costs. Ware appeals that judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Ware is currently incarcerated. He alleged in his mandamus complaint that in April 2022, he sent the prosecutor a public-records request by certified mail, requesting copies of the prosecutor's office's roster of current employees and annual budget reports for January 2019 through January 2022. He included with his complaint a document stating the tracking number for the certified mail.

{¶ 3} The prosecutor denied receiving the public-records request. Based on its previous interactions with Ware, the prosecutor's office had adopted special procedures for opening mail from Ware. An assistant prosecutor averred that in April 2022, he and a colleague opened a certified-mail envelope sent by Ware that reflected the same tracking number Ware provided with his mandamus complaint. The assistant prosecutor averred that the envelope did not contain a public-records request but rather a court filing from another case. The assistant prosecutor took a picture of the envelope and the filing.

{¶ 4} On July 3, 2023—over a year after he sent the prosecutor the certified mail at issue—Ware filed a complaint for a writ of mandamus in the court of appeals. He sought a writ ordering the prosecutor to provide the requested records

and awards of statutory damages and court costs. On July 13, after the prosecutor was served with the complaint, he provided Ware with the requested records.

**{¶ 5}** The court of appeals granted an alternative writ and set a schedule for the filing of evidence and briefs. Both parties moved for summary judgment. The court of appeals granted the prosecutor's motion for summary judgment, denied Ware's motion for summary judgment, denied the writ as moot, and denied Ware's request for awards of statutory damages and court costs. 2023-Ohio3865, ¶ 34 (5th Dist.).

**{¶ 6}** Ware appeals to this court as of right. He challenges the procedure employed by the court of appeals and aspects of its decision in favor of the prosecutor. He argues that the court of appeals should have awarded him statutory damages and court costs, but he does not dispute that he has received all the documents that are responsive to his public-records request.

## II.  LEGAL ANALYSIS

### A.  *The court of appeals properly followed its case schedule*

**{¶ 7}** Ware argues that the court of appeals' judgment should be reversed because the court did not allow him the specified time under the Ohio Rules of Civil Procedure to respond to the prosecutor's motion for summary judgment.

**{¶ 8}** After the prosecutor filed an answer to Ware's mandamus complaint, the court of appeals granted an alternative writ and set a schedule for the filing of evidence and briefs. The scheduling entry required Ware to file a brief within 14 days of the filing of the evidence, required the prosecutor to file a brief within 21 days of the filing of Ware's brief, and permitted Ware to file a reply brief within 10 days of the filing of the prosecutor's brief. The entry provided, "The briefs should . . . be a memorandum in support of or against the claim(s) or defense(s)."

**{¶ 9}** Both parties titled their briefs "Motion for Summary Judgment," but in substance, the motions were memoranda in support of or against the requested writ. Under the court of appeals' scheduling entry, Ware had ten days to file a reply

to the prosecutor's brief. He did not do so, and the court of appeals issued its decision after the ten-day deadline expired.

{¶ 10} Ware argues that he should have been given the time provided under Civ.R. 6(C)(1) to respond to the prosecutor's motion for summary judgment. Civ.R. 6(C)(1) provides that "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion," and the Fifth District's local rules provide that "original actions shall . . . proceed as a civil case under the Ohio Rules of Civil Procedure unless those rules are clearly inapplicable," Fifth Dist.Loc.R. 4(A). Ware argues that under the civil rules, he was entitled to 28 days to respond to the prosecutor's motion for summary judgment. But the court of appeals issued its decision on September 15—which was 24 days after the prosecutor's brief was filed and before Ware filed his reply brief.

{¶ 11} Generally, regarding an original action seeking an extraordinary writ, the court may issue an alternative writ and a scheduling order that control for the action and supersede conflicting rules of civil procedure. *See State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 17. Here, the court of appeals issued an alternative writ and scheduling order permitting Ware to file a reply brief within ten days of the filing of the prosecutor's brief. The court's alternative writ and scheduling order control, regardless of what the parties titled their briefs. The court of appeals did not err by denying the writ and granting summary judgment to the prosecutor after the ten-day reply deadline expired.

### B. Statutory damages

{¶ 12} Ware argues that the court of appeals improperly denied his request for statutory damages.

{¶ 13} "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State ex rel.*

*Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2). We "review de novo a court of appeals' decision to grant or deny statutory damages under [R.C. 149.43]." *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2021-Ohio-4487, ¶ 9.

{¶ 14} A public office shall make copies of a "requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ware argues that he is entitled to statutory damages because he made his public-records request by certified mail in April 2022 and the prosecutor did not respond to the request until after he filed his mandamus action in July 2023. The court of appeals concluded, however, that the envelope Ware sent to the prosecutor's office in April 2022 did not contain a public-records request and thus Ware did not transmit a public-records request to the prosecutor in April 2022. 2023-Ohio-3865 at ¶ 34 (5th Dist.). It concluded that at the earliest, Ware transmitted the request to the prosecutor in July 2023 when he served the prosecutor with the mandamus complaint by certified mail with the request attached to the complaint. *Id.* And the court concluded that assuming the delivery of a public-records request by attaching it to a mandamus complaint sent to the public office is permissible under R.C. 149.43(C)(2), the prosecutor's providing the records to Ware 11 days after delivery of the complaint and request was reasonable. *Id.* at ¶ 24-26. (The court of appeals, however, did not decide whether delivery of a mandamus complaint with a public-records request attached to it is a proper method of delivery of a public-records request.)

{¶ 15} The court of appeals' conclusions were not erroneous. Ware has the burden to prove by clear and convincing evidence that he delivered the public-records requests by certified mail in April 2022, as he alleges. *See State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 18. The prosecutor submitted evidence supporting his assertion that the certified mail sent by Ware to his office in April 2022 did not contain a public-records request. Ware asserts that the assistant

prosecutor lied in his affidavit about that assertion and that the assistant prosecutors who opened the envelope photographed a document that they knew had not been in the envelope. Ware provides no evidence in support of these assertions other than his own affidavit. "[W]hen the evidence on the method-of-delivery of a public-records request consists of contradictory affidavits or is inconclusive, the requester has not satisfied his burden under R.C. 149.43(C)(2)." *Id.* at ¶ 22; *see also State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32 (holding that when the evidence concerning delivery of a public-records request is evenly balanced, the requester has not satisfied the heightened burden of proof necessary for an award of statutory damages). Ware has failed to show by clear and convincing evidence that he delivered a public-records request to the prosecutor by certified mail in April 2022.

{¶ 16} Ware also argues that the court of appeals improperly relied on information related to another of his public records cases. In its decision in this case, the court of appeals cited another case involving Ware. *See* 2023-Ohio-3865 at ¶ 11, citing *State ex rel. Ware v. Stone*, 2022-Ohio-1151 (5th Dist.). It also cited multiple affidavits that the prosecutor submitted as evidence that relate to other public-records requests Ware had made. Even if Ware is correct that it is improper for a court of appeals to base its conclusions on such information, it is clear that the court of appeals referred to this information only to explain why the prosecutor's office had implemented a special procedure for opening mail from Ware. The court of appeals did not deny Ware's request for statutory damages based on this information.

### *C. Court costs*

{¶ 17} Ware also argues that the court of appeals improperly denied his request for an award of court costs. Ware requested an award of costs on the ground that the prosecutor acted in bad faith when he produced responsive records after Ware filed his mandamus action but before the court of appeals ordered the prosecutor to do so. An award of court costs to the relator is mandatory if a public

6

office makes such a bad-faith production of requested records. *See* R.C. 149.43(C)(3)(a)(ii); *accord Atakpu*, 2023-Ohio-2266, at ¶ 22. We apply an abuse-of-discretion standard when reviewing a lower court's determination whether to award court costs based on a claim of bad faith. *Atakpu* at ¶ 22.

**{¶ 18}** The court of appeals concluded that the prosecutor did not receive the public-records request until he was served with Ware's mandamus complaint and thus did not act in bad faith by responding to the request only after Ware filed his mandamus action. For the reasons discussed above, this conclusion was not an abuse of discretion.

### III. CONCLUSION

**{¶ 19}** Because the prosecutor produced all the records that are responsive to Ware's public-records request, we conclude that the court of appeals properly denied Ware's request for a writ as moot. The court of appeals also properly declined to award Ware statutory damages and court costs. We affirm the judgment of the Fifth District Court of Appeals.

Judgment affirmed.

—————————

Kimani E. Ware, pro se.

Kyle L. Stone, Stark County Prosecuting Attorney, and Gerard T. Yost, Assistant Prosecuting Attorney, for appellee.

—————————