[Cite as *Jones v. Columbus Div. of Police*, 2025-Ohio-465.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Theresa W. Jones, | : | |
| Relator, | : | No. 23AP-655 |
| v. | : | (REGULAR CALENDAR) |
| Columbus Division of Police, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on February 13, 2025

**On brief:** *Theresa W. Jones,* pro se.

**On brief:** *Zach M. Klein*, Prosecuting Attorney, *Aaron D. Epstein*, and *Joshua P. Monroe,* for respondent.

IN MANDAMUS

MENTEL, J.

{¶ 1} Relator, Theresa W. Jones, brings this original action in mandamus against respondent, Columbus Division of Police ("CDP"), seeking a writ of mandamus to provide public records.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On November 20, 2024, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant relator a partial writ of mandamus. The magistrate first found that because CDP fulfilled relator's public records request, that issue was moot. However, the magistrate went on to conclude that CDP failed to produce the public records requested by relator within a reasonable time as contemplated by R.C. 149.43. The magistrate concluded that relator was entitled to $1,000 in statutory damage. Finally, the magistrate held that relator

was not entitled to court costs as she failed to present any evidence regarding alleged bad faith, conscious wrongdoing, or ulterior motive.

{¶ 3} Respondent did not file an objection in this case. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other facial defect that would preclude adopting it. *See, e.g.*, *State ex rel. Wyse v. Ohio Pub. Emp. Retirement Sys.*, 2024-Ohio-314, ¶ 2 (10th Dist.), citing *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223 (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ 4} Accordingly, having found there is no error of law or other evident defect, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant relator a partial writ of mandamus. Relator is awarded $1,000 in statutory damages. Relator's request for court costs is denied.

*Writ of mandamus granted.*

JAMISON, P.J. and EDELSTEIN, J., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Theresa W. Jones, | : | |
| Relator, | : | |
| v. | : | No.  23AP-655 |
| Columbus Division of Police, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 20, 2024

---

*Teresa W. Jones*, pro se.

*Zachary M. Klein*, Prosecuting Attorney, and *Aaron D. Epstein*, and *Joshua P. Monroe*, for respondent.

---

IN MANDAMUS

{¶ 5}  Relator, Theresa W. Jones, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Columbus Division of Police ("CDP"), to provide the public records she requested.

Findings of Fact:

{¶ 6}  1. On September 9, 2023, relator sent via email a public-records request to CDP seeking the following: (1) a copy of surveillance video of the March 23, 2011, robbery of Subway located at 3626 Gender Road, case No. 110236353, report No. 110236353.2;

and (2) any and all still images attached to the report. Relator indicated that she was seeking the records from CDP because the Franklin County Prosecutor did not have them.

{¶ 7}   2. On September 19, 2023, relator sent a follow-up email "primarily to confirm [the request] was received[.]" In this email, relator also made a second public-records request, seeking "Mr. Neil's" telephone records and accompanying data analysis from March 23, April 18, and October 17, 2011.

{¶ 8}   3. In her petition, relator alleged that on October 2, 2023, she placed a follow-up telephone call to CDP and was informed that CDP was backlogged to April and it could not provide a date to fulfill her request.

{¶ 9}   4. On October 11, 2023, relator sent a third email to CDP, in which she acknowledged CDP's backlog but explained that the backlog had no bearing on her request and timeliness. She requested CDP provide her a date by which CDP would comply with her request and cited legal authority for the proposition that CDP was under a duty to employ sufficient staff to fulfill public-records requests within a reasonable period. She indicated that statutory damages were available to her if CDP did not timely fulfill her request.

{¶ 10} 5. CDP, through Public Records Unit member Kathryn Hartshorne, responded to relator's email on the same day, October 11, 2023, as follows:

> The Public Records Unit is currently working through early July requests so we are still rather behind, but we are moving through requests at a quicker rate since our staffing has increased. The Unit refrains from providing specific time lines due to the fact that we do not want to over-promise and under-deliver. A rough estimate would be 2-3 months, but it could be sooner or later. The Unit understands that it is not the fault of the requestor that we were understaffed for a year which caused the delay i[n] filling requests; however, the unit members can only work so many requests at any given time. You can always petition the courts for a subpoena to get the records. A subpoena is a court order that is filed within a couple business days from when the Unit receives it.

{¶ 11} 6. On October 28, 2023, relator filed a petition for writ of mandamus, requesting that this court compel CDP to comply with her public-records request and award statutory damages and court costs. The magistrate ordered relator to file an amended petition that separately numbers the paragraphs and states the claims she is

asserting. Relator filed an amended petition for writ of mandamus on November 24, 2023.

{¶ 12} 7. On December 1, 2023, CDP sent an email to relator, indicating the following:

> The Columbus Division of Police is in receipt of your records request dated September 9, 2023. In order to comply with your records request, please find an interim response where the Division of Police has chosen to release responsive records on a rolling basis as the records are located, verified, and reviewed by Division Staff. We will be in contact with you as our search progresses through the records.
>
> Attached are the still images that were referenced in the report. Surveillance footage was not found in the case file package.

{¶ 13} 8. On December 19, 2023, CDP sent an email to relator, in which it indicated that CDP has completed final review of the records in its possession that relate to the incidents described in her request. It informed relator that the requested surveillance video and phone data were not in the possession of the CDP. It also suggested that relator submit a Freedom of Information Act request to the Bureau of Alcohol, Tobacco, and Firearms-Columbus Field Division, as it may be in possession of additional records related to the incident.

{¶ 14} 9. Included in the record is the affidavit of Hartshorne, who averred as follows: (1) due to the number of pending requests being processed by CDP, and that relator's requests sought records from a very old and large file, the CDP's public records unit was unable to provide relator with a date certain by which she would receive responsive documents; (2) due to the age of the relevant case file and incident number that was requested, the information was kept at CDP's record warehouse located offsite; (3) she requested the file related to the incident be brought from the records warehouse; (4) attached to the affidavit were photographs of two banker's boxes of records she received from the records warehouse; (5) due to the vast number of records contained in the banker's boxes, she elicited the help of another employee to assist with the review of the paperwork and contents of the requested records to attempt to locate responsive records; (6) she provided an interim response on December 1, 2023, and indicated she

had not completed the review of the entire file at that time; (7) in addition to searching through the two banker's boxes, she reviewed digital files and spoke with the now-retired lead detective related to the incident to ascertain whether the requested records existed; (8) the retired detective indicated that records may be in the possession of the Bureau of Alcohol, Tobacco, and Firearms; and (9) on December 18, 2023, she completed her review of the file and did not locate any additional responsive records.

Conclusions of Law:

{¶ 15} The magistrate recommends that this court grant, in part, relator's petition for writ of mandamus.

{¶ 16} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6; *see also* R.C. 149.43(C)(1)(b). In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 17} Pursuant to R.C. 149.43(B)(1), a public office is required to make copies of public records available to any person on request and within a reasonable period of time. Courts are to construe the Public Records Act liberally in favor of broad access and are to resolve doubts in favor of disclosure of the public records. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 16.

{¶ 18} In the present case, CDP has fulfilled relator's public records request, and, therefore, that issue is moot. However, relator contends that she is still entitled to statutory damages, pursuant to R.C. 149.43(C)(2), because CDP failed to make the public records available to relator within a reasonable time.

{¶ 19} A public-records requester shall be entitled to statutory damages if: (1) the requester transmitted a written public-records request by hand delivery, electronic submission, or certified mail; (2) the requester made the request to the public office or person responsible for the requested records; (3) the requester fairly described the

records sought; and (4) the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2).

{¶ 20} R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public records request within a "reasonable period of time." R.C. 149.43(C)(1) permits a party aggrieved by the failure of the public office to promptly prepare a public record to receive statutory damages under R.C. 149.43(C)(2) in the amount of one hundred dollars for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The phrase "reasonable period of time" is not defined in the statute, but the " ' "determination of what is 'reasonable' depends upon all the pertinent facts and circumstances." ' " *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, ¶ 7, quoting *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, ¶ 23. "[P]ertinent facts and circumstances" include the scope of a public-records request, the volume of responsive records, and whether redactions are necessary, *State ex rel. Morgan v. Strickland*, 121 Ohio St. 3d 600, 2009-Ohio-1901, ¶ 12-16.

{¶ 21} Given the fact-driven nature of the query, courts consider decisions in comparable cases. *See Staton v. Timberlake*, Ct. of Cl. No. 2023-00128PQ, 2023-Ohio-1860, ¶ 10, adopted 2023-Ohio-2322 (Sadler, J.). The following are a selection of cases addressing whether public records were produced within a reasonable time pursuant to R.C. 149.43. *State ex rel. Mobley v. Powers*, ___ Ohio St.3d ___, 2024-Ohio-3315, ¶ 10 (the prosecutor's almost-three-month delay before sending public records violated the statutory obligation under R.C. 149.43(B) when the public-records request was narrow and specific, only a few responsive records were in the prosecutor's possession, the records did not need to be redacted, and the prosecutor claimed it took time to locate the records because of staff turnover); *State ex rel. Clark-Shawnee Local School Dist. Bd. of Edn. v. Springfield*, 2d Dist. No. 2024-CA-9, 2024-Ohio-2483, ¶ 19-27 (although the city's law department acknowledged the public records request the same day it was submitted, the delay of 46 days for a partial response and 54 days for a full response – 4 days after the requestor filed a mandamus action – was unreasonable when the city began a process

of collecting and reviewing responsive records beginning on the date of the request and continuing intermittently both before and after the filing of the mandamus action; the city's response was delayed (at least in part) because key personnel – namely, the assistant law director – were on vacation; there was a firm impression that insufficient attention was paid even when the appropriate personnel were available to work; in the two weeks before the assistant law director took vacation, some documents were collected but it does not appear that much else was done; upon the assistant law director's return to work, the process of collection and review of records did not move forward with any sense of urgency; the city's law department waited more than a month to follow up on the IT Manager's request for assistance to develop a query to collect email correspondence; and the city gave no good explanation for why the entire process should not have been completed far more expeditiously than it was); *State ex rel. Anderson v. Warrensville Hts.*, 8th Dist. No. 113601, 2024-Ohio-1882, ¶ 15-19 (where relator received responsive records 22 days (16 business days) after his email request and 18 days (14 business days) after his hand-delivered request, this was a reasonable amount of time to respond when respondent had to search through a decade's worth of at least 35-year-old employment records to find, review, and potentially redact those records responsive to the broad request); *Staton,* 2023-Ohio-1860, at ¶ 10-14 (delay of 72 days was unreasonable when the request involved a limited number of records, one type of record, and presented limited review/redaction issues; the production only occurred after litigation commenced; and the delay involved an incident report, which are routine and subject to immediate release upon request); *State ex rel. Util. Supervisors Emps. Assn. v. Cleveland*, 8th Dist. No. 111723, 2023-Ohio-463, ¶ 19 (four months to prepare and produce 2,705 pages of records responsive to a broadly worded records request that covered a five-year period with minor redactions of private information was a reasonable period of time); *Isreal v. Franklin Cty. Commrs.*, 10th Dist. Franklin No. 20AP-51, 2021-Ohio-3824, ¶ 13-15 (response provided within reasonable period of time when appellees provided appellant with 17 pages of documents within 30 business days, although 30 business days may stretch the outer limits of the reasonable period of time in which to produce copies of reasonably identified records); *Paramount Advantage v. Ohio Dept. of Medicaid*, Ct. of Cl. No. 2021-00262PQ, 2021-Ohio-4180, ¶ 32 (the requestor did not

prove that the period between the requests and compliant production of records was an unreasonable period of time when respondent provided numerous responsive records in the roughly three weeks between the requests and the filing of the complaint, and the requests were numerous, voluminous, diverse, and required legal review); *Anthony v. Columbus City Schools*, Ct. of Cl. No. 2021-00069PQ, 2021-Ohio-3241 (in the five weeks between the request and the filing of the complaint, the public office neither provided records nor offered the required explanation, including legal authority for why they were denied, and such did not constitute a reasonable time); *State ex rel. Schumann v. Cleveland*, 8th Dist. No. 109776, 2020-Ohio-4920 (public records were not provided within a reasonable time when over two months elapsed from the time of the request to the release of the first records, over four months elapsed from the time of the request to its completion, the relator was compelled to file a mandamus to obtain the records and 27 days lapsed before he received his first records, and the relator did not have use of all of the requested records until three months after he filed his mandamus action, much more than the ten business days envisioned by the statute before awarding full damages for loss of use); *Crenshaw v. Cleveland Law Dept.*, 8th Dist. No. 108519, 2020-Ohio-921 (trial court erred when it granted summary judgment to the public office on the issue of statutory damages, as the public office responded to the public records request 76 days after it received the request, and such time was not reasonable because the case did not involve voluminous documents, involved only a single police officer's record for one year, and involved only 65 pages of documents with only routine and ordinary redactions and review necessary); *State ex rel. Korecky v. Cleveland*, 8th Dist. No. 108965, 2020-Ohio-273 (21 days between the records request and the public office's response, which was two days after the filing of the mandamus action, was unreasonable when the records were readily available, did not require redaction, did not require examination of multiple indices for retrieval, did not require the retrieval of information from dusty archives, and timeliness was important for purposes of appeal; however, 18 days between another records request and the public office's response was reasonable when the public office required additional time and scrutiny to determinate whether any information contained within should be redacted, and timeliness was not important); *Easton Telecom Servs., L.L.C. v. Woodmere*, 8th Dist. No. 107861, 2019-Ohio-3282 (a two-month period of time

taken to provide responsive records was reasonable when the request was broad and extensive, comprised requests of several departments and spanned two years; required the involvement of several department officials, all of whom were part-time employees who had to locate, retrieve, and transmit the documents to the village's counsel; counsel was required to review, analyze, redact, and copy the responsive documents; the public office maintained communication with the requester, providing status updates on the progress of the compilation of the responsive records; and there was no evidence the public office ever refused to produce any of the requested records); *State ex rel. Bristow v. Baxter*, 6th Dist. No. E-18-026, 2019-Ohio-214 (delay of 2 and one-half months – and 22 business days after the mandamus filing – before producing the records or in any way responding to relator's requests was unreasonable under R.C. 149.43(B)(1)); *State ex rel. Miller v. Ohio Dept. of Edn.*, 10th Dist. No. 15AP-1168, 2016-Ohio-8534, ¶ 19 (public office's delay of 61 days after the public-records request was received and 7 days after the mandamus action was filed was unreasonable, given there was no explanation for the delay, and the request did not seek a voluminous number of records); *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-21, 2009-Ohio-442 (37-day delay was unreasonable for response to a public records request seeking contracts and materials about the negotiation of contracts between a prison facility and one of its suppliers when respondent did not respond at all to the request until 3 months later, when it did so it gave no explanation for the 3-month delay, and respondent did not respond fully to the request until after the court ordered respondent to provide conclusive evidence that it had done so).

Furthermore, the Supreme Court of Ohio has repeatedly held that:

No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time. The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time.

*State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289 (1976).

{¶ 22} In the present case, relator sent two public records requests; the first one on September 9, 2023 (a copy of the surveillance video of the March 23, 2011, robbery of Subway and any still images attached to the report), and the second one on September 19, 2023 (Mr. Neil's telephone records for March 23, April 18, and October 17, 2011, along with their accompanying analyses). After having received no response, on October 2, 2023, relator telephoned CDP to inquire about her requests, and CDP responded that it had a backlog of requests. Relator sent CDP an email on October 11, 2023, inquiring about her requests, and CDP responded that same day, with CDP indicating that it was behind, it was working through requests at a quicker rate since its staffing had increased, it would take two to three months to produce the requested records, and it could only work so many requests at any given time. On October 28, 2023, relator filed her petition for writ of mandamus. On December 1, 2023, CDP emailed relator two still photographs referred to in the report, indicated it could locate no video footage, and informed relator that it would continue to produce records as they were located, verified, and reviewed. On December 19, 2023, CDP informed relator that it had completed its final review of the records and did not locate any surveillance video or telephone data. Hartshorne averred in her affidavit that due to the number of pending requests being processed by CDP and the fact that relator's requests sought records from a very old and large file, CDP's public records unit was unable to provide relator with a date certain by which she would receive responsive documents; due to the age of the relevant case file and incident number that was requested, the information was kept at CDP's record warehouse located offsite; the file consisted of two banker's boxes of records; due to the vast number of records contained in the banker's boxes, another employee assisted with the review of the contents; and she reviewed digital files and spoke with the now-retired lead detective related to the incident to ascertain whether the requested records existed.

{¶ 23} To summarize, on September 9 and 19, 2023, relator requested public records; on October 28, 2023, relator filed her petition for writ of mandamus; on December 1, 2023, CDP emailed relator two still photographs referred to in the report relating to the September 9th request, indicated it could not locate video footage, and informed relator that it would continue to produce records as they were located, verified,

and reviewed; and on December 19, 2023, CDP informed relator that it had completed its final review of the records and did not locate any surveillance video or telephone data.

{¶ 24} Based upon the circumstances in this case, the magistrate finds CDP failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43. With regard to the September 9th request, CDP did not produce the requested records for 2 months and 22 days, and did not complete its final review of the request until 3 months and 11 days after the request. With regard to the September 19th request, CDP did not complete its final review until three months after the request, finding no documents or phone records were located. Although CDP now claims that it had to retrieve the relevant files from an offsite warehouse, it had to employ the use of another employee to help review the records, and the records were contained in two banker's boxes, these explanations ring hollow, as the only reason given to relator prior to her filing of the mandamus action was that CDP was understaffed for one year, which had caused delays in responding to public-records requests. Also, although the records were 12 years old, this age is not so ancient that CDP should be relieved from timely compliance with the public-records statute. Likewise, that the records were stored offsite from CDP's records retention unit also does not excuse a nearly three-month delay in forwarding responsive records. CDP must store and organize files in such a manner that they can be retrieved consistent with the duties imposed by R.C. 149. Furthermore, a review of merely two banker's boxes of records does not rise to the level of combing through "voluminous" documents. CDP's enlistment of the aid of a second employee to help Hartshorne review the files in the two banker's boxes is also not so extraordinary as to provide an exception to the "promptly prepare" and "reasonable period of time" requirements. In addition, CDP did not mention burdensome redactions, a lengthy legal review, or a wide-ranging search through the records warehouse. In sum, the circumstances here are not sufficiently extenuating that they should have prevented CDP from timely producing the requested records. Also troublesome was CDP's lack of communication. CDP only responded to the requests after relator inquired at least twice about them. CDP offered an explanation for the delay, but inadequate staffing is not a justifiable excuse. *See Beacon Journal.* CDP's  lack of timely response forced relator to file the instant mandamus action in order to obtain records to which the public is clearly

entitled to view. Even after filing her mandamus action, relator still had to wait over one month to receive the two responsive photographs.

{¶ 25} Therefore, the magistrate finds that because CDP failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43, relator is entitled to $1,000 in statutory damages, the maximum amount permitted under the statute.

{¶ 26} Relator also seeks an award for court costs associated with bringing the present mandamus action. Under certain circumstances, a court may award court costs pursuant to R.C. 149.43(C)(3)(a)(ii). Court costs shall be awarded to a requester if a court instructs a public office to comply with an obligation imposed by R.C. 149.43(B). R.C. 149.43(C)(3)(a)(i). Costs are also available under R.C. 149.43(C)(3)(a)(ii) if the court makes a determination described in division (C)(3)(b)(iii) of this section, which requires the court to find that the respondent acted in bad faith when the office or person voluntarily made the public records available to the relator during the course of a mandamus action. Further, the subsection provides that there is no presumption of bad faith. *Id.* "Bad faith" generally implies something more than bad judgment or negligence. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 26, quoting *State v. Tate*, 5th Dist. No. 07 CA 55, 2008-Ohio-3759, ¶ 13. It " 'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' " *Id.*, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus, *reversed on other grounds*, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), paragraph one of the syllabus. Here, relator presents no evidence regarding any alleged bad faith, conscious wrongdoing, or ulterior motive, and the magistrate finds no evidence thereof; thus, relator is not entitled to court costs.

{¶ 27} Accordingly, it is the magistrate's recommendation that the court grant relator a partial writ of mandamus. Relator is awarded $1,000 in statutory damages. Relator's request for court costs is denied.

/S/ MAGISTRATE

THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**


Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.